**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **NETWORK CONGESTION SOLUTIONS, LLC,** | Case No. |
| Plaintiff, | PATENT CASE |
| v. | JURY TRIAL DEMANDED |
| **MEDIACOM COMMUNICATIONS CORPORATION,** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Network Congestion Solutions, LLC ("NCS" or "Plaintiff") files this Complaint against Mediacom Communications Corporation ("Mediacom" or "Defendant") for infringement of U.S. Patent No. 6,826,620 ("the '620 patent").

## THE PARTIES

1. NCS is a Delaware limited liability company with its principal place of business located at 604 East 4th Street, Suite 201, Fort Worth, Texas 76102.

2. Mediacom is a Delaware corporation with its principal place of business at One Mediacom Way, Mediacom Park, New York 10918.

3. Defendant maintains a registered agent for service of process in Delaware at The Corporate Trust Company, Corporate Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

4. NCS brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving the accused products in this judicial district, and/or has regular and established places of business in this district.

6.  Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this State and judicial district, including: (A) committing acts of infringement in this judicial district as described herein; (B) having a corporate headquarters in this judicial district; and/or (C) regularly conducting or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods and products sold and services provided to Delaware residents.  Further, this Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,826,620)

7.  NCS incorporates paragraph 1 through 6 herein by reference.

8.  This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

9.  NCS is the owner of the '620 patent, entitled "Network Congestion Control System and Method," with all substantial rights to the '620 patent, including the exclusive right to enforce, sue, and recover damages for past and future infringement.  A copy of the '620 patent is attached as Exhibit 1.

10. The '620 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11. Defendant has, and continues to, directly infringe one or more claims of the '620 patent in this judicial district and elsewhere in the United States.

12. In particular, Defendant has, and continues to, infringe at least claim 1 of the '620 patent by, among other things practicing infringing methods including, but not limited to, Defendant's practices in conjunction with network congestion management.

13. NCS has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to NCS in an amount that adequately compensates NCS for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

NCS requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '620 patent have been infringed, either literally and/or under the doctrine of equivalents by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

f. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: July 9, 2014     NETWORK CONGESTION SOLUTIONS, LLC

By: /s/ *Timothy Devlin*
    Timothy Devlin (# 4241)
    Devlin Law Firm LLC
    1220 N. Market Street, Suite 850
    Wilmington, DE 19801
    302-449-9010
    tdevlin@devlinlawfirm.com

Of counsel:

Timothy E. Grochocinski
Joseph P. Oldaker
INNOVALAW, P.C.
1900 Ravinia Place
Orland Park, Illinois 60462
P. 708-675-1975
teg@innovalaw.com
joldaker@innovalaw.com

COUNSEL FOR PLAINTIFF
NETWORK CONGESTION SOLUTIONS, LLC